UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE A. JUSINO,<br>      Plaintiff,<br><br>      v.<br><br>WOLF-CRAIG,<br>      Defendant. | No. 3:23-cv-1014 (SRU) |

### INITIAL REVIEW ORDER

Plaintiff, Jose A. Jusino ("Jusino"), currently incarcerated at Cheshire Correctional Institution, brings this action *pro se* under 42 U.S.C. § 1983 against one defendant, supervising psychologist, Dr. Wolf-Craig ("Wolf-Craig"). Jusino contends that Wolf-Craig was deliberately indifferent to his mental health needs. Jusino seeks damages and injunctive relief.

**I.  Standard of Review**

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. That requirement applies both when the incarcerated plaintiff pays the filing fee and when he proceeds *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam).

Although detailed allegations are not required, the complaint must include sufficient facts to afford a defendant fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

*Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

## II.     Factual Background

Jusino suffers from multiple psychological disorders, including various neurocognitive disorders and abnormal brain development or function. Doc. No. 1 at ¶ 6. He was assigned to restrictive housing for over thirteen years, during his young adulthood. *Id*. at ¶ 7.

On August 18, 2022, Jusino was assigned a mental health classification of 3, which signifies mild or moderate mental health disorder or a severe mental disorder under good control. *Id.* at ¶ 10. Department of Correction Directive 8.5 requires that an inmate with mental health classification 3 should be seen no less frequently than biweekly for an individual psychotherapy session or weekly for group psychotherapy sessions with a qualified mental health professional. A.D. 8.5(7), *available at* https://portal.ct.gov/DOC/AD/AD-Chapter-8.

Jusino has a history of self-harming behaviors and suicide attempts. Doc. No. 1 at ¶ 11. On September 2, 2022, he was placed in the infirmary on 24-hour observation status for self-harming behaviors and suicidal gestures. *Id.* On September 12, 2022, Jusino was transferred to Cheshire Correctional Institution, where Wolf-Craig serves as the supervising psychologist. *Id*. at ¶ 12. Wolf-Craig is Jusino's primary caregiver, and she told him that she would meet with him every two weeks. *Id*. at ¶ 13. Ever since Jusino submitted a health services administrative remedy against her, Jusino has not met with Wolf-Craig or any other mental health staff member. *Id.* at ¶ 14. Jusino has nevertheless encountered Wolf-Craig in the prison halls, and has asked her for

treatment during those encounters. *Id.* at ¶ 15. He has filed requests to be seen. *Id.* Those outreach efforts, however, have been ignored. *Id.*

**III.     Analysis**

Jusino asserts two claims, first that Wolf-Craig was deliberately indifferent to his serious mental health needs, and second that she has retaliated against him for filing a grievance against her. I have thoroughly reviewed all factual allegations in Jusino's complaint and have conducted an initial review of Jusino's allegations pursuant to 28 U.S.C. § 1915A. My order, which is based on that initial review, will follow.

  A.   Deliberate Indifference

The Eighth Amendment prohibits not only "deliberate indifference to serious medical needs of prisoners," but also deliberate indifference to serious "mental health care" needs. *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (internal quotation marks and citation omitted). Deliberate indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

A claim for deliberate indifference to medical or mental health needs is comprised of objective and subjective elements. Objectively, the plaintiff must allege a "sufficiently serious" medical or mental health condition. *Spavone,* 719 F.3d at 138 (citations omitted). To determine whether a condition is "serious," courts consider whether "a reasonable doctor or patient would find [it] important and worthy of comment," whether the condition "significantly affects an individual's daily activities," and whether the individual experiences "chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and

citations omitted).

Subjectively, the plaintiff must allege that the defendant "knew of and disregarded the plaintiff's serious medical needs." *Id.* at 703. That culpable mental state exceeds mere negligence and is akin to criminally reckless intent. *See Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994). In addition, a disagreement over the treatment provided does not show deliberate indifference. *See Wright v. Rao*, 622 F. App'x 46, 47 (2d Cir. 2015) (citing *Chance*, 143 F.3d at 703); *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) ("It has long been the rule that a prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment . . . [T]he essential test is one of medical necessity and not one simply of desirability." (internal quotation marks and citation omitted)).

Jusino alleges that he has been diagnosed with severe mental illnesses that result in self-harm and suicide attempts. For the purposes of initial review only, the Court will accept Jusino's allegations as true and assume that Jusino has serious mental health needs. Jusino alleges that Wolf-Craig, his assigned mental health provider, has refused to treat him ever since he filed a grievance against her. Although Jusino does not allege that he suffered any injury as a result of the lack of treatment, total denial of treatment is considered deliberate indifference. *See Baltas v. Bowers*, 2023 WL 4684650, at *12 (D. Conn. July 21, 2023) (denial of all treatment is cognizable as deliberate indifference to medical needs but disagreement over type of treatment provided is not) (citing *Ferla v. Correctional Managed Health Care*, 2015 WL 5826812, at *2 (D. Conn. Oct. 2, 2015)).

Accordingly, because Jusino has alleged serious mental health needs and a denial of treatment, I will permit his deliberate indifference claim to proceed for further development of the record.

B.  Retaliation

To state a retaliation claim, Jusino must allege facts establishing three elements: (1) he engaged in protected speech or conduct, (2) the defendant took an adverse action against him, and (3) there was a causal connection between the protected speech and the adverse action. *Burns v. Martuscello*, 890 F.3d 77, 84 (2d Cir. 2018) (citation omitted).

Filing a lawsuit or grievance is protected activity that satisfies the first element. *See Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996) (prisoner's filing and pursuit of a grievance is protected activity). Jusino alleges that after he filed the grievance against Wolf-Craig, she stopped treatment him and has ignored all requests for treatment. *See* Doc. No. 1 at ¶¶ 14-15. I therefore conclude that those allegations are sufficient to state a retaliation claim against Wolf-Craig.

C.  Official Capacity

Jusino names Wolf-Craig in her individual and official capacities. He seeks both damages and injunctive relief, but he does not specify in which capacity he seeks those forms of relief. To the extent that Jusino seeks damages against Wolf-Craig in her official capacity, that request is dismissed as barred by the Eleventh Amendment. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007).

Under *Ex parte Young*, 209 U.S. 123 (1908), however, Jusino "may sue a state official acting in his official capacity—notwithstanding the Eleventh Amendment—for 'prospective injunctive relief' from violations of federal law." *Deposit Ins. Agency*, 482 F.3d at 617 (citation omitted). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as

5

prospective.'" *Version Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (citation omitted).

Jusino seeks injunctive relief in the form of future mental health treatment. Because that relief is prospective, Jusino may assert that claim for relief against Wolf-Craig in her official capacity.

**IV.     Conclusion**

In conclusion, any request for damages against Wolf-Craig in her official capacity is dismissed under 28 U.S.C. § 1915A(b)(2) as barred by the Eleventh Amendment. The case will proceed against Wolf-Craig in her official capacity for injunctive relief and in her individual capacity for damages on the Eighth Amendment claim for deliberate indifference to serious mental health needs and the First Amendment retaliation claim.

The Court enters the following additional orders:

(1)     **The Clerk shall** contact the Department of Correction Office of Legal Affairs to ascertain current service addresses for defendant Wolf-Craig, mail a waiver of service of process request packet containing the Complaint and this Order to her at the address provided within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth day after mailing. If the defendant fails to return the waiver request, the Clerk shall arrange for in-person service by the U.S. Marshals Service on the defendant in her individual capacity and the defendant shall be required to pay the cost of such service.

(2)     **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the Complaint on defendant Wolf-Craig in her official capacity at the Office of the Attorney

General, 165 Capitol Avenue, Hartford, CT 06106, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(3)     **The Clerk shall** send the plaintiff a copy of this Order.

(4)     **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5)     The defendant shall file her response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If she chooses to file an answer, she shall admit or deny the allegations and respond to the cognizable claim recited above. She also may include all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)     If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all the case numbers in the

notification of change of address. The plaintiff should also notify the defendants or the attorney for the defendants of his new address.

(10)  The plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. The plaintiff is advised that the Program may be used only to file documents with the court. As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on defendants' counsel by regular mail.

(11)  The Clerk shall immediately enter the District of Connecticut Standing Order Re: Initial Discovery Disclosures concerning cases initiated by self-represented inmates and shall send a copy to the plaintiff.

So ordered.

Dated at Bridgeport, Connecticut, this 11th day of April 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge