UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE A. JUSINO,<br>    Plaintiff,<br><br>    v.<br><br>WOLF-CRAIG,<br>    Respondent. | No. 3:23-cv-1014 (SRU) |

**ORDER ON MOTIONS TO APPOINT COUNSEL, MOTION TO TRANSFER CASE TO ANOTHER JUDGE, AND MOTION FOR PROSPECTIVE RELIEF**

Before the Court are Plaintiff Jose Jusino's motions to appoint counsel, doc. no. 13 and 27; motion to transfer the case to another judge, doc. no. 30; and motion for prospective relief, doc. no. 32. After careful consideration, those motions are denied.

**I.    Motions to Appoint Counsel**

Jusino filed motions to appoint counsel pre-service and post-service. Doc. Nos. 13, 27. In general, a plaintiff has no entitlement to court-appointed counsel in civil proceedings, and the Second Circuit has repeatedly cautioned against the routine appointment of counsel. *See, e.g.*, *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997); *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). *See also* D. Conn. L. Civ. R. 83.10(c)1. ("Pro bono counsel may be appointed at the discretion of the presiding judge upon motion or on the initiative of the presiding judge when the judge determines that the appointment will serve the interests of justice based upon factors such as (a) a party's apparent ability or inability to afford legal counsel, (b) the likelihood that counsel may be secured under alternative fee arrangements, and (c) the apparent merit of the party's claims or defenses.").

The Second Circuit has held that, insofar as volunteer lawyer time is not always readily available, a plaintiff seeking appointment of counsel must make a threshold showing that he "sought counsel and has been unable to obtain it." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 123 (2d Cir. 1988). If successful in proving his inability to secure counsel, a plaintiff must then demonstrate that his complaint "pass[es] the test of likely merit." *Cooper*, 877 F.2d at 173. Specifically, he must establish that the claims in the complaint have a sufficient basis to justify appointing *pro bono* counsel to pursue them. "Even where the claim is not frivolous, counsel is often unwarranted where the [plaintiff's] chances of success are extremely slim." *Id.* at 172 (citation omitted).

Jusino's motions to appoint counsel consist of one sentence each merely requesting me to appoint counsel. Docs. No. 13, 27. Jusino does not state in his motions whether he has contacted any law firms without success or whether he has also contacted the Inmates' Legal Aid Program ("ILAP"), the organization under contract with the Department of Correction to provide legal assistance to inmates. Courts in this District have repeatedly held that "[a]bsent a denial of assistance by Inmates' Legal Aid Program or a showing that the assistance available is insufficient at this stage of litigation, the plaintiff cannot demonstrate that he is unable to obtain legal assistance on his own." *Swinton v. Wright*, 2016 WL 3579075, at *2 (D. Conn. June 28, 2016) (finding that the plaintiff, who was declined representation by two law firms, failed to establish that he was unable to secure legal assistance because he did not make an attempt to contact ILAP).

Moreover, I entered an initial review order on April 11, 2024, in which I ordered Wolf-Craig to file an answer or motion to dismiss. Doc. No. 21. Wolf-Craig has not yet filed responsive pleadings, so the case record is not sufficiently developed for me to assess the "likely

2

merit" of Jusino's claims. Although I have permitted Jusino's Eighth Amendment claim to proceed to service against Wolf-Craig, that permission shows only that the allegations with respect to those claims are adequate to withstand dismissal for purposes of initial screening under 28 U.S.C. § 1915A. At this early stage of the case, it not yet clear whether the claims have sufficient merit to warrant appointment of counsel.

I am mindful of the difficulties faced by incarcerated persons who are litigating an action without counsel. However, given the circumstances of this case and the standards and criteria articulated by the Second Circuit, I deny Jusino's motions to appoint counsel. Doc. No. 13, 27.

The motions to appoint counsel are denied without prejudice to refiling at a later stage of litigation. To refile this motion, Jusino must, at minimum, demonstrate that he has unsuccessfully contacted law firms to represent him *pro bono* and that he has sought assistance from ILAP.

**II.     Motion to Transfer Case to Another Judge**

Jusino has also filed a motion seeking to transfer his case to another judge. Doc. No. 30. In his motion, he grieves a "history of disregard" for his case and states that he "fear[s] that his case would be disregarded if not dismissed" by this Court. Doc. No. 30 at 1. The Court knows of all of Jusino's cases before this Court and is giving those cases appropriate attention. Furthermore, the Court has no conflict in this matter. All parties are required to meet deadlines, whether those parties are incarcerated plaintiffs or prison official defendants. That is why, for example, default entry was entered against Wolf-Craig in this case after she failed to timely answer. *See* Doc. No. 34. Accordingly, Jusino's motion to transfer this case to another judge is without merit and is therefore denied. Doc. No. 30.

### III. Motion for Prospective Relief

Finally, Jusino moves for prospective relief under 28 U.S.C. § 1651(a). Doc. No. 32 at 1. It is unclear how that section of the Code would apply, and it is unclear from Jusino's motion the relief he is requesting. I will nevertheless liberally construe Jusino's motion as a motion for preliminary injunction.

Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (internal citation omitted). To prevail on a claim for preliminary injunctive relief, Jusino must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (internal quotation marks and citation omitted); *see also Hester ex rel. A.H. v. French*, 985 F.3d 165, 176 (2d Cir. 2021) (to obtain mandatory preliminary injunctive relief against a government actor, plaintiff must, among other requirements, "make a strong showing of irreparable harm" absent injunctive relief and "demonstrate a clear or substantial likelihood of success on the merits" (cleaned up)). Even if I concluded that Jusino was likely to succeed on the merits, Jusino has not shown that "he is likely to suffer irreparable harm in the absence of preliminary relief." *Glossip*. 576 U.S. at 876. Accordingly, his motion is denied. Doc. No. 32.

### IV. Conclusion

For the foregoing reasons, Jusino's motions to appoint counsel, doc. no. 13 and 27, motion to transfer the case to another judge, doc. no. 30, and motion for prospective relief, doc. no. 32, are all **denied**.

4

So ordered.

Dated at Bridgeport, Connecticut, this 12th day of July 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge